UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOEL WHITE,

    Plaintiff,

v.

STEPHEN SINCLAIR, et al.,

    Defendants.

CASE NO. 3:20-CV-5141-RBL-DWC

ORDER TO FILE AMENDED COMPLAINT

Plaintiff Joel White, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff has failed to state a claim, but provides Plaintiff leave to file an amended pleading by April 20, 2020, to cure the deficiencies identified herein.

I. **Background**

In the Complaint, Plaintiff alleges his Fourteenth Amendment equal protection rights are being violated because he is being paid differently from other similarly situated inmates at other corrections facilities in Washington State. Dkt. 4.

## II. Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the

defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

A. *Equal Protection*

In the Complaint, Plaintiff alleges his Fourteenth Amendment equal protection rights are being violated. Dkt. 4. Plaintiff states he works in the kitchen at Stafford Creek Corrections Center ("SCCC") and is paid less than inmate kitchen workers at other Washington State Department of Corrections ("DOC") facilities. The Fourteenth Amendment's Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). To bring a successful equal protection claim, a plaintiff must show differential treatment from a similarly situated class. *See Washington v. Davis*, 426 U.S. 229, 239 (1976). For this differential treatment to give rise to a claim under 42 U.S.C. § 1983, "one must show intentional or purposeful discrimination." *Draper v. Rhay*, 315 F.2d 193, 198 (9th Cir. 1963) (inmate failed to show § 1983 violation in absence of "intentional or purposeful discrimination").

Plaintiff contends his equal protection rights are being violated because he is being paid less to work in the kitchen at SCCC than other inmates are being paid to work in kitchens in different DOC facilities. Dkt. 4. Prisoners housed in different institutions are not similarly situated. *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1019 (S.D. Cal. 2006). As Plaintiff alleges he is being treated differently than inmates housed in different facilities, Plaintiff has not alleged he is being treated differently than similarly-situated individuals. Therefore, Plaintiff has failed to state a claim for which relief can be granted. Accordingly, Plaintiff must show cause why his Complaint should not be dismissed.

B. *Personal Participation*

As stated above, Plaintiff alleges his Fourteenth Amendment equal protection rights are being violated. Dkt. 4. Plaintiff names Stephen Sinclair, Ronald Haynes, Barry DeHaven, and Ron Attard as Defendants in this case. *Id*. Plaintiff, however, fails to allege any wrong-doing by Defendants or explain how Defendants' actions violated his constitutional rights. Therefore, Plaintiff's allegations are insufficient to show how Defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer*, 844 F.2d at 633. Accordingly, Plaintiff has failed to state a § 1983 claim against Defendants. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims).

If Plaintiff wishes to pursue this § 1983 action, he must provide a short, plain statement explaining exactly what each defendant did or failed to do and how the actions violated Plaintiff's constitutional rights and caused him harm.

**III.    Instruction to Plaintiff and the Clerk**

If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should contain the same

case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before April 20, 2020, the undersigned will recommend dismissal of this action.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint.

Dated this 18th day of March, 2020.

David W. Christel
United States Magistrate Judge