UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOEL WHITE,<br><br>                Plaintiff,<br><br>    v.<br><br>STEPHEN SINCLAIR, et al.,<br><br>               Defendant. | CASE NO. 3:20-CV-5141-RBL-DWC<br><br>ORDER ON MISCELLANEOUS MOTIONS |

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Currently pending before the Court are Plaintiff Joel White's Application for Court-Appointed Counsel ("Motion for Counsel"), Motion for Class Certification of Prisoner's Civil Rights Complaint ("Motion for Class Certification"), and Motion for Extension of Time ("Motion for Extension"). Dkt. 6, 7, 10. After review of the relevant record, the Motion for Counsel (Dkt. 6) and Motion for Class Certification (Dkt. 7) are denied without prejudice and the Motion for Extension (Dkt. 10) is granted. Plaintiff shall have until May 22, 2020 to file an amended complaint.

**I.      Background**

In the Complaint, Plaintiff alleges his Fourteenth Amendment equal protection rights are being violated because he is being paid less than other similarly situated inmates at other corrections facilities in Washington State. Dkt. 5. On March 18, 2017, the Court directed Plaintiff to correct deficiencies contained in his Complaint on or before April 20, 2020. Dkt. 9.

**II.     Motion for Counsel (Dkt. 6)**

On March 18, 2020, Plaintiff requested Court-appointed counsel. Dkt. 6. No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In the Motion for Counsel, Plaintiff asserts Court-appointed counsel is appropriate in this case because Plaintiff is incarcerated. Dkt. 6. Plaintiff also states the Complaint raises complex issues and a significant question of law that may impact over 575 inmates. Dkt. 6. Plaintiff has

not shown, nor does the Court find, this case involves complex facts or law. Plaintiff has not shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court. Further, Plaintiff has not shown he is likely to succeed on the merits of this case. In fact, at this time, the Court has found Plaintiff's Complaint fails to state a claim upon which relief can be granted. *See* Dkt. 9. Additionally, "Plaintiff's incarceration and limited access to legal materials are not exceptional factors constituting exceptional circumstances that warrant the appointment of counsel. Rather, they are the type of difficulties encountered by many *pro se* litigants." *Dancer v. Jeske*, 2009 WL 1110432, *1 (W.D. Wash. Apr. 24, 2009). Therefore, the Court finds Plaintiff has failed to show the appointment of counsel is appropriate at this time. Accordingly, Plaintiff's Motion for Counsel (Dkt. 6) is denied without prejudice.

### III.  Motion for Class Certification (Dkt. 7)

Plaintiff filed the Motion for Class Certification requesting class certification of his Complaint. Dkt. 7. The Court has determined Plaintiff's Complaint fails to state a claim upon which relief can be granted. Dkt. 9. Plaintiff has been directed to file an amended complaint. *Id*. It is unclear if Plaintiff will cure the deficiencies of his Complaint. Therefore, the Court declines to determine if class certification is appropriate at this time. Accordingly, Plaintiff's Motion for Class Certification (Dkt. 7) is denied without prejudice.

### IV.  Motion for Extension (Dkt. 10)

On April 9, 2020, Plaintiff filed the Motion for Extension requesting a thirty-day extension to file his amended complaint. Dkt. 10. Plaintiff states that, due to Covid-19, Plaintiff has limited access to the law library. *Id*. While it is unclear why Plaintiff needs access to the law library to complete his amended complaint, the Court finds an extension of time is warranted in this case. Therefore, the Motion for Extension (Dkt. 10) is granted as follows: Plaintiff shall have

up to and including May 22, 2020 to file an amended complaint. The Court notes that if Plaintiff fails to file an amended complaint or otherwise respond to the Court's Order to File an Amended Complaint by May 22, 2020, the Court will recommend this case be dismissed without prejudice.

**V.    Conclusion**

For the above stated reasons, the Motion for Counsel (Dkt. 6) is denied without prejudice, the Motion for Class Certification (Dkt. 7) is denied without prejudice, and the Motion for Extension (Dkt. 10) is granted.

Dated this 21st day of April, 2020.

David W. Christel
United States Magistrate Judge