UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOEL WHITE,

           Plaintiff,

   v.

STEPHEN SINCLAIR, et al.,

           Defendants.

CASE NO. 3:20-CV-5141-RBL-DWC

ORDER TO SHOW CAUSE OR FILE AMENDED COMPLAINT

Plaintiff Joel White, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff has failed to state a claim, but provides Plaintiff leave to file an amended pleading by July 10, 2020, to cure the deficiencies identified herein.

**I.**     **Background**

In the Amended Complaint, Plaintiff alleges his Fourteenth Amendment equal protection rights are being violated because he is being paid differently from other similarly situated inmates at other corrections facilities in Washington State. Dkt. 13. He also states Defendants

failed to comply with Washington State Department of Corrections ("DOC") policies related to prison work classifications. *Id*. Unrelated to Plaintiff's claims that he is being paid differently than similarly situated inmates, Plaintiff alleges separate Defendants falsely infracted him and retaliated against him. *Id*.

## II. Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an

ORDER TO SHOW CAUSE OR FILE AMENDED
COMPLAINT - 2

1  act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping

2  conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d

3  at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the

4  defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S.

5  378, 385-90 (1989).

6      A.  *Rule 8*

7      The Court is required to liberally construe pro se documents. *Estelle v. Gamble*, 429 U.S.

8  97, 106 (1976). However, Federal Rule of Civil Procedure 8 requires a complaint to contain "a

9  short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

10  P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

11      Here, Plaintiff filed a 34-page Amended Complaint, with an additional 25 pages of

12  exhibits. Dkt. 13. The Amended Complaint is difficult to understand and Plaintiff fails to clearly

13  allege the factual allegations explaining how his rights were violated and how each named

14  Defendant personally participated in the alleged constitutional violations. Plaintiff also appears

15  to be alleging several constitutional violations, which arise from different incidents and are

16  completely unrelated. As such, Plaintiff has not filed a simple, concise, and direct Amended

17  Complaint. Further, while the exhibits attached to the Amended Complaint may serve as exhibits

18  in support of Plaintiff's Amended Complaint, they are not a substitute for the Amended Complaint

19  itself. The Court declines to consider the exhibits and will only consider the allegations as plead in

20  the body of the Amended Complaint. Because "the Court cannot glean what claims for relief

21  might lay hidden in the narration provided by [P]laintiff and it is [P]laintiff's responsibility to

22  make each claim clear and provide only a short statement of facts supporting [each] claim,"

23

24

1  *Henderson v. Scott*, 2005 WL 1335220, \*1 (E.D. Cal. May 4, 2005), Plaintiff is ordered to file an
2  amended complaint which complies with Federal Rule of Civil Procedure 8 and this Order.

3      B. *Equal Protection*

4      In the Amended Complaint, Plaintiff alleges his Fourteenth Amendment equal protection
5  rights are being violated. Dkt. 13. Plaintiff, who is housed at Stafford Creek Corrections Center
6  ("SCCC"), states he is paid less than inmate kitchen workers at Monroe Correctional Complex, a
7  different DOC facility. *Id*. at pp. 11-13. The Fourteenth Amendment's Equal Protection Clause
8  "is essentially a direction that all persons similarly situated should be treated alike." *City of*
9  *Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). To bring a successful equal
10 protection claim, a plaintiff must show differential treatment from a similarly situated class. *See*
11 *Washington v. Davis*, 426 U.S. 229, 239 (1976). For this differential treatment to give rise to a
12 claim under 42 U.S.C. § 1983, "one must show intentional or purposeful discrimination." *Draper*
13 *v. Rhay*, 315 F.2d 193, 198 (9th Cir. 1963) (inmate failed to show § 1983 violation in absence of
14 "intentional or purposeful discrimination").

15     Plaintiff contends his equal protection rights are being violated because he is being paid
16 less to work in the kitchen at SCCC than other inmates are being paid to work in kitchens in
17 different DOC facilities. Dkt. 13. Prisoners housed in different institutions are not similarly
18 situated. *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1019 (S.D. Cal. 2006). As Plaintiff alleges
19 he is being treated differently than inmates housed in different facilities, Plaintiff has not alleged
20 he is being treated differently than similarly-situated individuals. Therefore, Plaintiff has failed
21 to state a claim for which relief can be granted. Accordingly, Plaintiff must show cause why his
22 equal protection claim should not be dismissed.

23

24

ORDER TO SHOW CAUSE OR FILE AMENDED
COMPLAINT - 4

1       The Court notes Plaintiff was previously directed to show cause as to this claim. The

2 allegations Plaintiff asserted in the Amended Complaint do not provide any additional

3 information regarding why this claim should proceed. Rather, Plaintiff's allegations contain less

4 information and are less clear as to how his equal protection rights are being violated.

5       C. *Failure to Follow DOC Policy*

6       To supplement his equal protection claim, Plaintiff alleges Defendants violated his

7 constitutional rights when they failed to follow a DOC policy regarding inmate worker

8 classifications. Dkt. 13. Plaintiff contends Defendants' failure to follow DOC policy has resulted

9 in Plaintiff being paid less than other inmates performing the same job at different DOC

10 facilities. *See id*. at pp. 10-16. The alleged failure to follow a prison policy does not establish a

11 federal constitutional violation. *See Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009);

12 *Manzanillo v. Jacquez*, 555 F. App'x. 651, 653 (9th Cir. 2014) (allegations that a defendant

13 violated prison policy "does not constitute a violation of a federal right"). Accordingly, Plaintiff

14 must show cause why this claim should not be dismissed as it fails to state a constitutional

15 violation.

16       D. *Unrelated Claims*

17       In the Complaint, Plaintiff alleged only that his equal protection rights were violated

18 because he was not being paid the same as similarly situated inmates in different DOC facilities.

19 *See* Dkt. 5. The Court directed Plaintiff to show cause why his Complaint should not be

20 dismissed for failure to state a claim regarding the equal protection claim. Dkt. 9. In response,

21 Plaintiff filed the Amended Complaint, where he alleges, in addition to the equal protection

22

23

24

1 claim, that Defendants are violating his rights by failing to follow DOC policy and separate

2 Defendants falsely infracted him for fighting and retaliated against him. Dkt. 13.

3     Unrelated claims against different defendants must be pursued in separate actions—the

4 claims may not all be combined into one action. Plaintiff may bring a claim against multiple

5 defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of

6 transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P.

7 20(a)(2); *Coughlin v. Rogers,* 130 F.3d 1348, 1351 (9th Cir.1997); *Desert Empire Bank v.*

8 *Insurance Co. of North America,* 623 F.2d 1371, 1375 (9th Cir.1980). "Thus multiple claims

9 against a single party are fine, but Claim A against Defendant 1 should not be joined with

10 unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in

11 different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit

12 produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation

13 Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file

14 without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605,

15 607 (7th Cir. 2007).

16     Here, Plaintiff is attempting to add additional unrelated claims against unrelated

17 Defendants. This is not proper. Plaintiff's claims regarding the allegedly false infractions and

18 retaliation appear wholly unrelated to the claim regarding equal pay. In this action, Plaintiff can

19 pursue any unequal pay claims, but must pursue claims related to the allegedly false infraction

20 for fighting and retaliation related to the false infraction in a separate action. If, in an amended

21

22

23

24

ORDER TO SHOW CAUSE OR FILE AMENDED
COMPLAINT - 6

complaint, Plaintiff again attempts to set forth unrelated claims which violate joinder rules, the Court may dismiss this action for failure to comply with a Court order.

### III.   Instruction to Plaintiff and the Clerk

If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. As stated above, Plaintiff should allege only the constitutional violations arising from the allegations of unequal pay. Plaintiff shall file additional lawsuits, if he so chooses, regarding each of the remaining allegations contained in the Amended Complaint that allegedly resulted in constitutional violations.

The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights.

1    If Plaintiff fails to file an amended complaint or fails to adequately address the issues
2 raised herein on or before July 10, 2020, the undersigned will recommend dismissal of this
3 action.
4    The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983
5 civil rights complaint.
6    Dated this 10th day of June, 2020.

*/s/ David W. Christel*
David W. Christel
United States Magistrate Judge