UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOEL WHITE,

            Plaintiff,

   v.

STEPHEN SINCLAIR, et al.,

            Defendants.

CASE NO. 3:20-CV-5141-RSM-DWC

REPORT AND RECOMMENDATION

Noting Date: January 8, 2021

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff Joel White, proceeding *pro se* and *in forma pauperis*, initiated this civil rights action on February 18, 2020.[1] Dkt. 7. Presently pending before the Court is Defendants' Motion for Summary Judgment ("Motion," Dkt. 30) and Plaintiff's Motion to Amend the Second Amended Complaint ("Motion to Amend," Dkt. 34).

---

[1] Plaintiff was ordered to file a second amended complaint after his Complaint and Amended Complaint were screened pursuant to 28 U.S.C. § 1915. *See* Dkt. 9, 16, 18. Plaintiff filed the Second Amended Complaint on July 9, 2020 and the Court ordered service of the Second Amended Complaint on August 11, 2020. Dkt. 18, 19.

REPORT AND RECOMMENDATION - 1

The Court concludes Plaintiff has failed to state claims of retaliation, equal protection violations, or due process violations. Accordingly, the Court recommends the Motion be granted and the Motion to Amend be denied.

I.     **Background**

In the Second Amended Complaint, Plaintiff alleges his Fourteenth Amendment equal protection rights are being violated because he is being paid differently from prisoners at other corrections facilities in Washington State. Dkt. 18. He also states Defendants failed to comply with Washington State Department of Corrections ("DOC") policies related to prison work classifications. *Id*. He states Defendant's failure to follow and implement DOC policies violates his Fourteenth Amendment due process rights. *Id*. Lastly, Plaintiff alleges he was retaliated against for filing a grievance related to his wages. *Id.*

Defendants filed the Motion on October 9, 2020. Dkt. 30. In support of the Motion, Defendants submitted the declaration of Michelle Caldwell and copies of DOC policies and work program documents. Dkt. 31. Plaintiff filed a Response. Dkt. 33. In addition, Plaintiff's Second Amended Complaint was signed under penalty of perjury and is being considered as evidence.[2] *See* Dkt. 18. Defendants filed a Reply. Dkt. 35. Along with the Reply, Defendants also filed a Declaration of Counsel and a copy of DOC Policy 710.400, Correctional Industries Work Programs. Dkt. 36, Exhibit 1.

On October 27, 2020, Plaintiff filed the Motion to Amend. Dkt. 34. Plaintiff seeks to amend his Second Amended Complaint to increase the amount of punitive damages requested

---

[2] Because Plaintiff is *pro se*, the Court "must consider as evidence in his opposition to summary judgment all of [Plaintiff's] contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [Plaintiff] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

from $1,500 to $8,500. Dkt. 34. Plaintiff did not provide a copy of the proposed third amended complaint as required by Local Rule 15. *See* Dkt. 34. Defendants filed a Response. Dkt. 35.

## II.     Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A party asserting a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013) (*citing Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011); *Tarin v. County of Los Angeles*, 123 F.3d 1259, 1263 (9th Cir.1997).

As the party moving for summary judgment, Defendants have the initial burden to demonstrate no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *In re Oracle Corp. Securities Litigation*, 627 F.3d 376, 387 (9th Cir. 2010). The movant "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying those portions of the record, including pleadings, discovery materials, and affidavits, "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Mere disagreement or the bald assertion stating a genuine issue of material fact exists does not preclude summary judgment. *California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th

Cir. 1987). A "material" fact is one which is "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit," and the materiality of which is "determined by the substantive law governing the claim." *T.W. Electrical Serv., Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

Mere "[d]isputes over irrelevant or unnecessary facts," therefore, "will not preclude a grant of summary judgment." *Id.* Rather, the nonmoving party "must produce at least some 'significant probative evidence tending to support the complaint.'" *Id.* (*quoting Anderson*, 477 U.S. at 290); *see also California Architectural Building Products, Inc.*, 818 F.2d at 1468 ("No longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment."). In other words, the purpose of summary judgment "is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it[.]" Fed R. Civ. P. 56(e)(3).

**III.    Discussion**

In the Motion, Defendants contend Plaintiff failed to demonstrate (1) a Fourteenth Amendment due process violation and (2) a First Amendment violation. Dkt. 32. The Court agrees with Defendants and also finds Plaintiff has (3) failed to allege a Fourteenth Amendment equal protection violation.

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton*

*v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

A. *Due Process*

1. <u>Property Interest</u>

In the Second Amended Complaint, Plaintiff alleges his due process rights[3] were violated when Defendants declined to treat his inmate kitchen worker job as a Class II job and instead decided to treat it as a Class III job.[4] Dkt. 18.

Pursuant to the Due Process Clause of the Fourteenth Amendment, "no state shall 'deprive any person of life, liberty, or property without due process of law.'" *Toussaint v.*

---

[3] Plaintiff also alleges a violation of his due process rights under the Fifth Amendment. Dkt. 18. However, the Fifth amendment only applies to the federal government. *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008).

[4] It is undisputed Class III program prison workers are limited to receiving $55 per month for their gratuity. Dkt. 31. Declaration of Michelle Cardwell (Cardwell Declaration), Exhibit 1 at 3.

1  *McCarthy*, 801 F.3d 1080, 1089 (9th Cir. 1986), *overruled on other grounds*, *Sandin v Conner*,
2  515 U.S. 472 (1995). The due process guarantees of the Fourteenth Amendment thus "apply only
3  when a constitutionally protected liberty or property interest is at stake." *Tellis v. Godinez*, 5
4  F.3d 1314, 1316 (9th Cir. 1993).
5       The ultimate inquiry is whether the confinement imposes an atypical and significant
6  hardship. *See Sandin*, 515 U.S. at 483-84; *Serrano v. Francis*, 345 F.3d 1071, 1079 (9th Cir.
7  2003). Determining whether a prison condition is "atypical and significant" requires
8  consideration of the specific facts of each case. *Keenan v. Hall,* 83 F.3d 1083, 1089 (9th Cir.
9  1996). Courts consider three guideposts in framing the inquiry: (1) whether the challenged
10 condition mirrored those conditions imposed upon inmates in administrative segregation and
11 protective custody, and thus comported with the prison's discretionary authority; (2) the duration
12 of the condition and the degree of restraint imposed; and (3) whether the state's action will
13 invariably affect the duration of the prisoner's sentence. *Serrano*, 345 F.3d at 1078.
14      However, prisoners have no constitutional right to be paid for work during incarceration.
15 *Hale v. Arizona,* 993 F.2d 1387, 1394 (9th Cir.), *cert. denied,* 114 S.Ct. 386 (1993) (prisoners are
16 not "employees" entitled to minimum wage under the Fair Labor Standards Act); *Cornish v.*
17 *Lewis*, 51 F.3d 279 (9th Cir. 1995) (money earned by prisoners convicted of driving while
18 intoxicated or under the influence paid into an alcohol abuse program did not deprive prisoners
19 of due process). Nor does Plaintiff have constitutionally protected interest in a prison
20 employment. *Toussaint v. McCarthy,* 801 F.2d 1080, 1094–95 (9th Cir. 1986) (no
21 constitutionally protected liberty or property interest in a job); *Walker v. Gomez*, 370 F.3d 969,
22 973 (9th Cir. 2004) (concluding that the Constitution does not create a property or liberty interest
23 in prison employment); *Peralta v. Martel*, 2009 WL 700418, at *3 (E.D. Cal. Mar. 16, 2009)
24

(prisoner failed to state a cause of action under § 1983 for violation of his due process rights when he could not obtain a prison job that would entitle him to more yard access, recreation, and entertainment activities).

Further, there is no recognized property interest in prison wages created under Washington State law. *See, e.g.*, *In re Metcalf*, 92 Wn. App. 165 (Wash. Ct. App. 1998) (no property interest in prison wages); *see also National Elec Contractors Ass'n, Cascade Chapter v. Riveland*, 138 Wn.2d 9, 30-31, 978 P.2d 481 (1999) (recognizing Washington State law provides DOC the authority to adopt a gratuity scale). Rather, Washington state law leaves prisoner compensation to the discretion of the Washington DOC. *See* WAC 137-88-033(3). (Each prison facility is afforded discretion to determine its own Class III programs.); RCW 72.09.100(2)(f) (Class II); RCW 72.09.100(3)(e) (Class III).

Moreover, Plaintiff has not alleged an "atypical and significant hardship … in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. 472 at 484.  Plaintiff's claims regarding his prison employment wages do not rise to this level. *See, e.g. Frazier v. Coughlin,* 81 F.3d 313, 317 (2d Cir. 1996) (loss of commissary, recreation, package, and telephone privileges did not amount to an atypical and significant deprivation). *Peralta v. Martel,* 2009 WL 700418, at *4 (E.D. Cal. Mar. 16, 2009) (quoting *Sandin,* 515 U.S. at 483–84) (denial of rehabilitation, training, education, or employment is not an appreciable restraint as compared to the ordinary incidents of prison life). *See also Barno v. Ryan*, 399 F. Appx. 272, 273 (9th Cir. 2010) (loss of prison job due to classification change does not violate Eighth Amendment).

1   Accordingly, Plaintiff has failed to state a claim upon which relief can be granted. The

2   Court recommends that Defendants' Motion for Summary Judgment be granted on this claim.[5]

3           2.   <u>Failure to Follow DOC Policy</u>

4   Plaintiff also alleges Defendants violated his Fourteenth Amendment due process rights

5   when they failed to follow a DOC policy regarding inmate worker classifications at SCCC. Dkt.

6   18. Plaintiff contends Defendants' failure to follow DOC policy has resulted in Plaintiff being

7   paid less than other inmates performing the same job at different DOC facilities. *See id*. at pp. 8-

8   16. The alleged failure to follow a prison policy does not establish a federal constitutional

9   violation. *See Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009); *Manzanillo v. Jacquez*,

10  555 F. App'x. 651, 653 (9th Cir. 2014) (allegations that a defendant violated prison policy "does

11  not constitute a violation of a federal right"). As allegations that Defendants violated DOC policy

12  does not constitute a violation of a federal right, Plaintiff's claim that Defendants violated his

13  Fourteenth Amendment due process rights when they failed to implement and follow DOC

14  policies fails to state a claim upon which relief can be granted. As such, the Court recommends

15  that Defendants' Motion for Summary Judgment be granted on this claim.

16      B.  *Equal Protection*

17  In the Second Amended Complaint, Plaintiff, who is housed at SCCC, states he is paid less

18  than other inmates who are performing the same job at different DOC facilities. Dkt. 18 at 13-16.

19  While Plaintiff appears to categorize this claim as a violation of due process, the language used

20  throughout the Second Amended Complaint appears to implicate a violation of his equal protection

21  rights. *See id.* at 17 (For example, Plaintiff alleges he was "treated differently than similarly-

22

---

23  [5] Because the Court finds Plaintiff does not have a property or liberty interest in his prison wages, the Court declines to consider Defendants' argument Plaintiff waived his due process rights when the signed an agreement he would be
24  paid at the Class III level. *See* Dkt. 30 at 6-7.

situated individuals."). Therefore, although Defendants do not seek dismissal of a claim for violation of equal protection rights in their Motion,[6] the Court will review Plaintiff's allegations as they pertain to the Equal Protection Clause.[7]

The Fourteenth Amendment's Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). To bring a successful equal protection claim, a plaintiff must show differential treatment from a similarly situated class. *See Washington v. Davis*, 426 U.S. 229, 239 (1976). For this differential treatment to give rise to a claim under 42 U.S.C. § 1983, "one must show intentional or purposeful discrimination." *Draper v. Rhay*, 315 F.2d 193, 198 (9th Cir. 1963) (inmate failed to show § 1983 violation in absence of "intentional or purposeful discrimination").

Plaintiff contends his equal protection rights are being violated because he is being paid less to work in the kitchen at SCCC than other inmates are being paid to work in kitchens in different DOC facilities. Dkt. 18 at 13-17. Prisoners housed in different institutions are not similarly situated. *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1019 (S.D. Cal. 2006). As the Court noted in its prior screening order, Plaintiff alleges he is being treated differently than inmates housed in different facilities, Plaintiff has not alleged he is being treated differently than similarly-situated individuals. *See* Dkt. 16 at 4; 18 at 13-17. Therefore, Plaintiff's claim that

---

[6] Defendants address Plaintiff's equal protection claim in their Reply, arguing the Court has already dismissed Plaintiff's equal protection claims and the operative claim does not contain such a claim as a result. Dkt. 35 at 4-5. However, Defendants did not seek dismissal of an equal protection claim in their Motion based on the Second Amended Complaint. Dkt. 18; 35 at 4-5. Defendants may not raise a new issue in a Reply. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1289 n.4 (9th Cir. 2000)

[7] Although Defendants did not raise this claim as a basis for summary judgment, all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or in fact. *See Neitzke v. Williams,* 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block,* 932 F.2d 795, 798 (9th Cir. 1991).

Defendants' violated his Equal Protection rights fails to state a claim upon which relief can be granted. The Court recommends this claim be dismissed.[8]

C. *First Amendment Retaliation*

Plaintiff alleges he was retaliated against because after he filed a grievance, he still did not receive Class II compensation. Dkt. 18.

To prevail on a retaliation claim, a plaintiff must allege and prove the defendant retaliated against him for exercising a constitutional right and the retaliatory action did not advance legitimate penological goals or was not narrowly tailored to achieve such goals. *Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997). A prisoner suing a prison official under § 1983 for retaliation for engaging in protected speech must allege "the type of activity he engaged in was protected under the first amendment and that the state impermissibly infringed on his right to engage in the protected activity." *Rizzo v. Dawson*, 778 F.2d 527 (9th Cir. 1983).

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

*Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). "Mere speculation that defendants acted out of retaliation is not sufficient." *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014).

Here, Plaintiff has failed to set forth any evidence demonstrating his grievance had any impact on his ability to receive specific compensation for his prison job. Rather. he allegations in

---

[8] As discussed in more detail below, the Court finds it is clear from the Second Amended Complaint that Plaintiff cannot overcome the deficiencies by an additional amendment. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because the plaintiff did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so). "[D]istrict courts are only required to grant leave to amend if a complaint can possibly be saved"; leave amend is not required "if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

the Second Amended Complaint demonstrate Plaintiff was denied Class II compensation *before* he filed his grievance. Dkt. 18 at 18 (copy of grievance). After he filed his grievance, Plaintiff was still not permitted to have Class II compensation. *See id.* As such, there is no evidence Plaintiff's protected conduct, the filing of a grievance, was a substantially motivating factor in the decision to afford him Class II compensation. Therefore, Plaintiff's retaliation claims fail as a matter of law. As such, the Court recommends that Defendants' Motion for Summary Judgment be granted on Plaintiff's retaliation claims.

## IV.   Motion to Amend

After Defendants' Motion was filed, Plaintiff filed a Motion to Amend seeking to increase the amount of putative damages sought. Dkt. 34. Defendants filed a response requesting the Motion to Amend be denied because Plaintiff did not attach the proposed amended complaint to the amendment would be futile. Dkt. 35.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

(1) ***Amending as a Matter of Course.*** A party may amend its pleading once as a matter of course within:
(A) 21 days after serving it, or
(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) ***Other Amendments.*** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Plaintiff has been allowed to amend his Complaint and Amended Complaint and the Court instructed Plaintiff regarding the deficiencies of both his Complaint and Amended Complaint. *See* Dkt. 5, 9, 13, 16, 18. Thus, Plaintiff cannot amend pursuant to Rule 15(a)(1). Further, Defendants have not provided written consent allowing Plaintiff to amend. *See* Dkt. 35.

Therefore, to amend the Second Amended Complaint, Plaintiff must have the Court's leave. *See* Fed. R. Civ. P. 15(a)(2).

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (*quoting* Fed. R. Civ. P. 15(a)). In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).

Under Local Civil Rule 15, "[a] party who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulation and order, must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation." Here, Plaintiff did not attach the proposed amended complaint. *See* Dkt. 34.

In addition, as discussed above, Plaintiff's claims fail as a matter of law. The Court finds it is clear from the Second Amended Complaint the deficiencies cannot be cured by an additional amendment. The amount of damages articulated in the Motion to Amend does not overcome the deficiencies of his Second Amended Complaint and there are no remaining claims in this case. Therefore, allowing Plaintiff another opportunity to amend the complaint would be futile. Because the Court recommends resolving every claim at issue in this case, it would be inappropriate to permit amendment at this juncture. *See, e.g., Nguyen v. United States,* 792 F.2d 1500, 1503 (9th Cir.1986) ("A court will ordinarily be reluctant to allow leave to amend to a party against whom summary judgment has been entered.") (citing C. Wright, A. Miller, & M. Kane, *Federal Practice & Procedure* § 2712 (2d ed.1983)); *Schlacter–Jones v. Gen. Tel. of Cal.,* 936 F.2d 435, 443 (9th Cir. 1991), *abrogated on other grounds by Cramer v. Consol.*

*Freightways, Inc.,* 255 F.3d 683 (9th Cir.2001) ("A motion for leave to amend is not a vehicle to circumvent summary judgment.").

Accordingly, the Court recommends Plaintiff not be given additional leave to amend and the Motion to Amend be denied. *See Soghomonian v. United States,* 82 F.Supp.2d 1134, 1141 (E.D. Cal. 1999) (finding the court can deny a motion to amend on the basis of futility if the amended complaint would be dismissed); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir. 1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

## V.     Conclusion

For the above stated reasons, the Court concludes Plaintiff has failed to state claims of retaliation, equal protection violations, or due process violations. Accordingly, the Court recommends the Motion be granted and the Motion to Amend be denied and this case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on January 8, 2021 as noted in the caption.

Dated this 10th day of December, 2020.

David W. Christel
United States Magistrate Judge